## State v. Kristoff
*[Cite as 5 AOA 140]*

*Case No. 58922*
*Cuyahoga County, (8th)*
*Decided July 19, 1990*

*John T. Corrigan, Esq., Cuyahoga County Prosecutor, Justice Center, 1200 Ontario Street, Cleveland, OH 44113, for Plaintiff-Appellee.*

*Beverly J. Pyle, Esq., Assistant Public Defender, Marion Building, No. 307, 1276 West Third Street, Cleveland, OH 44113, for Defendant-Appellant.*

*Per Curiam.*

This is an accelerated appeal brought pursuant to App. R. 11.1 and Loc. R. 25 of the Eighth District Court of Appeals for Cuyahoga County.

Defendant-appellant, Brett M. Kristoff, timely appeals from his convictions by the Cuyahoga County Court of Common Pleas, following pleas of no contest, for the offenses of possessing cocaine, R.C. 2925.11, and possessing criminal tools, R.C. 2923.24, asserting two well taken assignments of error.

### I.

In his first assignment of error, appellant challenges the trial court's denial of his motion to suppress evidence:

"THE TRIAL COURT ERRED IN DENYING MR. KRISTOFF'S MOTION FOR SUPPRESSION AND IN ADMITTING IN EVIDENCE ALL OF THE STATE'S EXHIBITS BECAUSE THE EVIDENCE SEIZED BY THE CLEVELAND POLICE WAS THE FRUIT OF AN ILLEGAL SEARCH AND SEIZURE AND IS IN VIOLATION OF ARTICLE I, SECTION, 14 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION."

At the hearing on appellant's motion to suppress evidence, Cleveland Police Officer James Metzler testified that on May 13, 1989, at approximately 1:30 a.m., he was operating his strike force detective car southbound on West 117 Street when he and his partner saw appellant run across the street eastbound from a gas station on the west side of West 117 Street. Officer Metzler told the trial court that he was suspicious of the fact that appellant "kept reaching inside his coat like he had something concealed in his coat." (Tr. 3). Although there had been no complaint received from the gas station, Officer Metzler thought appellant might have robbed it and was fleeing. Officer Metzler turned his car around and pulled into the parking lot of a restaurant located on the east side of West 117 Street, where he saw appellant exiting a rear door.

Officer Metzler and his partner got out of the detective car and identified themselves to appellant. They asked appellant what he had under his coat and appellant responded that he had a beer. Officer Metzler then conducted what he referred to as a "pat-down" of appellant, searching the contents of appellant's pockets and discovering a very small amount of marihuana in a bag located in an inner jacket pocket, and a very small amount of cocaine wrapped in a small piece of paper located in appellant's rear pants pocket.

On cross-examination, Officer Metzler admitted that he found nothing during his "pat down" that he thought would be a weapon, or that resembled a weapon.

The prosecution sought to justify Officer Metzler's search based on the United States Supreme Court's decision in *Terry v. Ohio* (1968), 392 U.S. 1. The trial court overruled appellant's motion, finding that "there was probable cause for the search." (Tr. 13).

In *Terry*, the Supreme Court held that warrantless search and seizure may be allowed if (1) the "officer's action was justified at its inception", and (2) it was "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.*, at 19-20. The court stated that:

"*** in justifying the particular intrusion the police officer must be able to point to *specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.* *** [i]n making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Id.* at 21-22; (emphasis added).

Moreover, the scope of a *Terry* "pat-down" must be "reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Id.*, at 25-26; cf. *State v. Bobo* (1988), 37 Ohio St. 3d 177; *State v. Barlow* (Jan. 21, 1988), Cuyahoga App. No. 53378, unreported.

In the instant case, Officer Metzler's testimony did not include sufficient "specific and articulable facts" warranting the search of appellant, and the search exceeded the scope of a reasonable "pat-down" search. Based on the totality of the circumstances, Officer Metzler could not have had a "reasonable suspicion" that appellant was armed, necessitating a "protective search." *Terry, supra; Bobo, supra.*

Accordingly, it was error for the trial court to deny appellant's motion to suppress evidence of the unconstitutional search, and this first assignment of error is well taken.

## II.

Appellant's second assignment of error states:
"MR. KRISTOFF WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION AND SENTENCING FOR POSSESSION OF CRIMINAL TOOLS IN VIOLATION OF R.C. 2923.24,

A FELONY OF THE FOURTH DEGREE."
This assignment of error is necessarily well taken in light of our disposition of the preceding assignment of error. Absent the fruits of the unconstitutional search and seizure, there was insufficient evidence to convict appellant of any crime.

*Judgment reversed.*

MATIA, P.J., STILLMAN, J., WALKER, J.